IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence Crawford, a/k/a Jonah Gabriel Jahjah Tishbite, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 9:17-cv-1140-TLW |
| | ) | |
| Judge Robert E. Hood; Tara Dawn Shurling, | ) | |
| P.A.; Judge Diaz; Judge Thacker; Judge | ) | |
| Davis; Judge Gregory; Judge Duncan; Judge | ) | |
| Hamilton; NFN Zannelli, 4th Circuit; | ) | |
| Patricia Conners, 4th Circuit; Judge Howe | ) | |
| Hendricks; Judge West; Judge Harwell; | ) | |
| Judge Austin; Judge Wooten; Judge | ) | |
| Merchant; Judge Seymour; Judge Hodges; | ) | |
| Judge Gerbel; Judge Cain; All Other Judges | ) | |
| of the SC District Court In Its Entirety; | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ORDER

Plaintiff Lawrence Crawford, an SCDC inmate proceeding *pro se*, filed this action pursuant

to 42 U.S.C. § 1983, alleging violations of his constitutional rights. ECF No. 1. On August 7, 2017,

the Court issued a proper form Order directing Plaintiff to bring the case into proper form and

notifying him that if he did not, the case would be subject to dismissal. ECF No. 16. In response

to the Court's proper form Order, Plaintiff filed a Motion to Consolidate Cases and two letters

seeking an appeal. ECF Nos. 18, 20, 21. These filing failed to bring the case into proper form. On

September 19, 2017, United States Magistrate Judge Bristow Marchant issued a Report and

Recommendation recommending dismissal of the Complaint and denying Plaintiff's pending

motions. ECF No. 24. In response, Plaintiff filed objections and several other filings objecting to

the Report, requesting an extension of time to object, and renewing his motions to appeal,

consolidate cases, and change venue. ECF Nos. 26, 28, 30, 31, 32, 33, 38. This matter is now ripe

for disposition.

This Court is charged with conducting a *de novo* review of any portion of the Magistrate

Judge's Report to which a specific objection is registered, and may accept, reject, or modify, in

whole or in part, the recommendations contained in that Report. 28 U.S.C. § 636. In conducting

its review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations

omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the

voluminous filings and the relevant law. While Plaintiff asserts general legal conclusions, he does

not state a violation of his constitutional rights by the named Defendants. Further, relevant case

law and the record reflect that Defendants are afforded judicial or quasi-judicial immunity, or that

Plaintiff's § 1983 claims are not cognizable because the Defendant is a private party. *See* ECF No.

24 at 2–6; *Mireles v. Waco*, 502 U.S. 9 (1991); *Pressly v. Gregory*, 831 F.2d 514 (4th Cir. 1987);

*Ross v. Baron*, 493 F. App'x 405 (4th Cir. 2012); *Wymore v. Green*, 245 F. App'x 780 (10th Cir.

2007); *Polk County v. Dodson*, 454 U.S. 312 (1981). In Plaintiff's objections, he restates the

conclusions and allegations from his previous filings, but fails to state any legal or factual basis

for the Court to grant his motions or to reject the Report. Further, the Court notes that although Plaintiff has filed numerous documents in this case, Plaintiff has failed to bring the action into proper form.

For these reasons and the reasons stated by the Magistrate Judge, the Report, ECF No. 24, is hereby **ACCEPTED**, the Plaintiff's Objections, ECF Nos. 31, 38, are **OVERRULED**, and this case is **DISMISSED**. Plaintiff's motions for consolidation, recusal, and change of venue, ECF No. 18, are hereby **DENIED**. In light of the dismissal of this action and Plaintiff's statements in his subsequent filings,[1] Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 2, and motion for extension of time, ECF No. 30 at 4, are hereby deemed **MOOT**.

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

December 14, 2017
Columbia, South Carolina

---

[1] The Court notes that, although Plaintiff requested an extension of time to file objections, ECF No. 30 at 4, he states in his subsequent filings that "All objections needed to respond to the report…are found and argued within and through [ECF No. 30-1]," ECF No. 38 at 2.